HYPOTHEEK LAND COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24955. Promulgated June 8, 1951.

*Frank P. Weaver, Esq.*, for the petitioner.
*Wilford H. Payne, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge:* The sole issue is whether the respondent erred in reducing petitioner's deduction of interest allowable on its obligation to the Dutch banks from the rate of 5 per cent to 3 per cent.

The respondent, in disallowing the deduction for interest in excess of 3 per cent, did not cite any section of the Code in the notice of deficiency. Respondent, on brief, presents the case as coming within the purview of section 45 of the Code.[1] The petitioner argues that section 45 does not apply, as a matter of law, contending that respondent has made a disallowance rather than a distribution, apportionment or allocation of the deduction as provided for in section 45. Petitioner relies on the theory of *General Industries Corporation*, 35 B. T. A. 615. See, also, *Chelsea Products, Inc.*, 16 T. C. 840; and *Cedar Valley Distillery, Inc.*, 16 T. C. 870. But, cf. *Asiatic Petroleum Co., Ltd.* v. *Commissioner*, 79 F. 2d 234.

We deem it unnecessary to consider the merits of the arguments made by the parties as to the applicability of section 45 because, in our opinion, the deduction representing the amount of the increase in the interest rate is not an allowable deduction under section 23 (b) of the Internal Revenue Code.[2] The deduction must be authorized under section 23 (b) ultimately and at least *pro forma* regardless of the applicability of section 45. We do not think it is so authorized.

The right to a deduction from gross income is a matter of legislative grace and does not turn upon general equitable grounds, *Deputy*

---

[1] SEC. 45. ALLOCATION OF INCOME AND DEDUCTIONS.

In any case of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Commissioner is authorized to distribute, apportion, or allocate gross income, deductions, credits, or allowances between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses.

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(b) INTEREST.—All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this chapter.

v. *Du Pont*, 308 U. S. 488. It must be shown clearly to be within the express provision of the statute. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. Such was the petitioner's burden. *Welch* v. *Helvering*, 290 U. S. 111. Petitioner in this case makes an implicit appeal on equitable grounds for sustaining its position. The difficulties in which the business found itself in 1940, when it seemed very probable that the German Army in occupation of the Netherlands would manage to expropriate Dutch assets abroad, which difficulties resulted in the petitioner's formation, have a certain persuasiveness. Petitioner's underlying reasoning is, in effect, that the event of the postwar increase in interest rate was inseparable in nature from the earlier transactions. But such appeal must yield to a more realistic appraisal of the relations between the petitioner and the Dutch banks after the liberation of the Netherlands, at which time the interest rate was increased. The circumstances and considerations at this latter date must justify the rate increase.

It is our view that there was no sufficient consideration for the retroactive and cumulative increase in the interest rate from 3 to 5 per cent. The obvious result, if not the chief purpose, was to provide petitioner with an increased deduction from gross income and the deduction thus became a means of transmission of untaxed profits to the Dutch banks. The single fact that a particular transaction results in a tax saving does not, of course, dictate our decision as to validity of the procedure. It may, however, provide an otherwise undisclosed explanation. Petitioner has anticipated an attack on the consideration or business necessity for the increase in interest rate and advances two arguments in support: first, that the Dutch banks had to pay an average of 5 per cent on their bonds in the Netherlands, whereas they were getting only 3 per cent from their holdings in this country, represented by petitioner's assets, and, second, that the ratification by the Dutch banks of what petitioner had done during the war was the consideration for petitioner's agreeing to pay a higher interest rate.

These arguments, in our judgment, fail to establish any consideration for the increase. Past consideration is no consideration. We have concluded that the increase was a gratuitous payment of interest by petitioner. As such, it is not deductible. *Central Cuba Sugar Co.*, 16 T. C. 882. It is elementary that consideration embodies a giving up of something. The question of what benefit was conferred upon petitioner by the Dutch banks is unanswered on the record.

In our opinion, the increase of the interest rate from 3 to 5 per cent on petitioner's indebtedness to the Dutch banks was not such as to constitute a valid deducation under section 23 (b) of the Internal Revenue Code, and we so hold.

*Decision will be entered under Rule 50.*